IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| FRANCES CHAN, | : |
| Plaintiff, | : |
| | : |
| v. | : CIVIL ACTION NO. 16-5688 |
| | : |
| BARBOUR, INC., | : |
| Defendant | : |

**MEMORANDUM OPINION**

Rufe, J.                                                                                                                                            July 12, 2017

Plaintiff Frances Chan, a woman of Chinese descent, alleges age, sex, and national origin discrimination by Barbour, Inc., an international clothing manufacturer and retailer.[1] Before the Court is Defendant's motion to dismiss and to strike portions of the Amended Complaint. For the reasons that follow, the motion will be granted in part and denied in part.

I.       FACTUAL AND PROCEDURAL HISTORY

Plaintiff was hired as a manager at Barbour's Ardmore, Pennsylvania store in 2008, and became US Retail Inventory Planning and Allocation Manager in 2011.[2] In January 2013, Barbour's Head of Retail for North America stepped down, and Plaintiff assumed his responsibilities while the position remained unfilled.[3] In March 2013, Plaintiff was promoted to the separate position of US Sales Manager-Retail.[4]

Although Plaintiff claims to have demonstrated success in handling the responsibilities of Head of Retail for North America, Barbour did not promote her to that position.[5] Instead, in

---

[1] Am. Compl. (Doc. No. 6) ¶¶ 1, 3.

[2] *Id.* ¶¶ 10, 14.

[3] *Id.* ¶¶ 25-26.

[4] *Id.* ¶ 27.

[5] *Id.* ¶ 29.

November 2103, Barbour hired Christopher Sapienza, a younger white man who was less qualified and less experienced.[6] Sapienza became Plaintiff's direct supervisor and was paid nearly twice her salary.[7] In August 2014, Plaintiff, who was then age sixty, was terminated.[8]

Plaintiff alleges that she was mistreated by Sapienza and that Barbour permitted Sapienza to create a hostile work environment.[9] She also claims to have not received adequate compensation for simultaneously performing the duties of Head of Retail, US Sales Manager, and US Retail Inventory Planning and Allocation Manager.[10]

Plaintiff filed charges with the Pennsylvania Human Rights Commission ("PHRC") and the United States Equal Employment Opportunity Commission ("EEOC"), and received a right-to-sue letter from the EEOC on September 6, 2016. On October 31, 2016, Plaintiff filed a Complaint asserting claims of age, sex, and ancestry discrimination in violation of the Pennsylvania Human Relations Act ("PHRA").[11] Defendant moved to partially dismiss and to strike portions of the Complaint, and on January 12, 2017, Plaintiff filed an Amended Complaint adding claims under the Age Discrimination in Employment Act ("ADEA"),[12] Title VII of the Civil Rights Act of 1964 ("Title VII"),[13] and the Equal Pay Act ("EPA").[14]

In response to the Amended Complaint, Defendant filed a second motion to partially dismiss and to strike. In it, Defendant moves to (1) dismiss the later-added Title VII and ADEA

---

[6] *Id.* ¶¶ 32-34.

[7] *Id.* ¶¶ 35-38.

[8] *Id.* ¶ 69.

[9] *Id.* ¶¶ 50-67.

[10] *Id.* ¶ 28.

[11] 43 P.S. § 951, *et seq.*

[12] 29 U.S.C. § 621, *et seq.*

[13] 42 U.S.C. § 2000e, *et seq.*

[14] 29 U.S.C § 201, *et seq.*

claims as statutorily time-barred; (2) dismiss Plaintiff's claims for punitive damages under the PHRA and the Equal Pay Act as such damages are not available;[15] (3) dismiss any potential claims and requests for damages made under a "failure to promote" theory as such a claim would be time-barred; and (4) strike all allegations in the complaint related to a "failure to promote" claim.

## II. LEGAL STANDARD

Under Rule 12(b)(6), dismissal for failure to state a claim upon which relief can be granted is appropriate where a plaintiff's "plain statement" lacks enough substance to show that he is entitled to relief.[16] In determining whether a motion to dismiss should be granted, the court must consider only those facts alleged in the complaint, accepting the allegations as true and drawing all logical inferences in favor of the non-moving party.[17]

Federal Rule of Civil Procedure 12(f) provides in pertinent part that "[t]he court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." "[S]triking a pleading is a drastic remedy to be used sparingly because of the difficulty of deciding a case without a factual record. Thus, although Rule 12(f) grants the court the power to grant a motion to strike, such motions are not favored and usually will be denied unless the allegations have no possible relation to the controversy and may cause prejudice to one of the parties, or if the allegations confuse the issues."[18]

---

[15] Plaintiff concedes that punitive damages are unavailable under the PHRA and the EPA as a matter of law. Plff's Opp. Mot. Dismiss (Doc. No. 12-1) at 2. Accordingly, the motion to dismiss will be granted as it relates to punitive damages.

[16] *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 557 (2007).

[17] *ALA, Inc. v. CCAIR, Inc.*, 29 F.3d 855, 859 (3d Cir. 1994); *Fay v. Muhlenberg Coll.*, No. 07-4516, 2008 WL 205227, at *2 (E.D. Pa. Jan. 24, 2008).

[18] *Dann v. Lincoln Nat'l Corp.*, 274 F.R.D. 139, 142-43 (E.D. Pa. 2011) (internal quotation marks and citations omitted).

## III. DISCUSSION

### A. Claims under Title VII and the ADEA

Defendant argues that Plaintiff's Title VII and ADEA claims are untimely. Upon receipt of a right-to-sue letter from the EEOC, an individual has ninety days to file ADEA or Title VII claims.[19] Plaintiff received a right-to-sue letter from the EEOC on September 6, 2016,[20] and filed the original Complaint fifty-five days later. However, the original Complaint only alleged PHRA violations, and the Title VII and ADEA were first alleged in the Amended Complaint, filed 128 days after receipt.[21] But while the Title VII and ADEA claims were made beyond the ninety day limit, the Court concludes that they relate back to the timing of the original complaint.[22]

Pursuant to Rule 15(c)(1)(B), "[a]n amendment to a pleading relates back to the date of the original pleading when . . . (B) the amendment asserts a claim or defense that arose out of the conduct, transaction, or occurrence set out—or attempted to be set out—in the original pleading." "In essence, application of Rule 15(c) involves a search for a common core of operative facts in the two pleadings. As such, the court looks to whether the opposing party has had fair notice of the general fact situation and legal theory upon which the amending party

---

[19] 29 U.S.C. § 626(e); 42 U.S.C. § 2000e-5(f)(1); *see Jones v. Boyd*, No. CIV. A. 97-3363, 1998 WL 314668, at *4 (E.D. Pa. June 11, 1998) ("The Court concludes that the ADEA is most analogous to Title VII and adopts a ninety (90) day limitations period for plaintiff's ADEA claim."), *aff'd*, 187 F.3d 626 (3d Cir. 1999). The filing deadline "is akin to a statute of limitations rather than a jurisdictional bar." *Seitzinger v. Reading Hosp. & Med. Ctr.*, 165 F.3d 236, 240 (3d Cir. 1999); *see also Zipes v. Trans World Airlines, Inc.*, 455 U.S. 385, 393 (1982) (holding that time limitations in Title VII are not jurisdictional but are instead akin to statutes of limitations).

[20] Am. Compl. ¶ 73.

[21] The Amended Complaint was properly filed pursuant to Rule 15(a)(1).

[22] Neither party acknowledged the relation-back doctrine in their briefs. Furthermore, Plaintiff's response to Defendant's timeliness argument focused on the exhaustion of administrative remedies rather than the timeliness of Plaintiff's federal discrimination claims. In the interests of justice, the Court considers the relation back doctrine *sua sponte*. *See Gallagher v. Borough of Downingtown*, No. CIV. A. 98-3885, 1999 WL 1081070, at *3 n.1 (E.D. Pa. Nov. 30, 1999).

proceeds."[23]

Plaintiff's original Complaint and Amended Complaint share identical facts, and Defendant had fair notice of the federal discrimination claims, which are similar to the state-law discrimination claims raised in both documents. The Title VII and ADEA claims therefore relate back to the date of the original Complaint and are timely. Defendant's motion to dismiss Plaintiff's Title VII and ADEA claims will be denied.

**B. Allegations Relating to a "Failure to Promote" Claim**

Defendant argues that the Amended Complaint implicitly advances a "failure to promote" claim, and urges the Court to dismiss it as time-barred for failure to exhaust administrative remedies. Defendant also urges the Court to strike Paragraphs 28-29, 32, 36-37, 39, and 69 of the Amended Complaint which discuss Sapienza's hiring, Chan's lack of promotion, and the compensation differences between the two. It is not clear whether Plaintiff seeks to allege a discrete claim for failure to promote, and if so, whether such a claim would be time-barred. If Plaintiff wishes to assert such a claim, and can show it is not time-barred, she will be granted leave to amend to do so.

Regardless as to whether Plaintiff alleges a failure to promote claim, Defendant has not shown that striking Paragraphs 28-29, 32, 36-37, 39, and 69 is necessary.[24] These paragraphs

---

[23] *Bensel v. Allied Pilots Ass'n*, 387 F.3d 298, 310 (3d Cir. 2004); *see also Anderson v. Mercer Cty. Sheriff's Dep't*, No. 11-7620, 2013 WL 776237, at *5 (D.N.J. Feb. 28, 2013) (Title VII gender discrimination claim made in amended complaint was not time-barred by the ninety day limitation because the "'conduct, transaction, and occurrence' surrounding Plaintiff's Amended Complaint are the same as the original Complaint" and Defendant had notice of claim); *Walker-Robinson v. J.P. Morgan Chase Bank, N.A.*, No. 11-4913, 2012 WL 3079179, at *7 (D.N.J. July 27, 2012) (ADEA claim made in amended complaint not time-barred by the ninety day limit because the facts and circumstances remained the same as those in the original timely complaint, and Defendant had adequate notice).

[24] *See Newborn Bros. Co. v. Albion Engineering Co.*, 299 F.R.D. 90, 94 (D.N.J. 2014) ("even where the challenged material is redundant, immaterial, impertinent, or scandalous, a motion to strike should not be granted unless the presence of the surplusage will prejudice the adverse party").

5

provide factual support for Plaintiff's claim that she received differential treatment.[25] Furthermore, outside of the conclusory assertion that they "will only cause prejudice to Defendant and/or will only serve to confuse the issues," Defendant has not demonstrated how it would be unduly prejudiced or why the issues would be confused.[26] Defendant has not met its burden to show that the drastic remedy of striking portions of the Amended Complaint is warranted, and Defendant's motion to strike will be denied.

IV. **CONCLUSION**

For the reasons stated above, Defendant's motion will be granted in part and denied in part. An appropriate order follows.

---

[25] *See Nat'l R.R. Passenger Corp. v. Morgan*, 536 U.S. 101, 113 (2002) (holding that while "discrete discriminatory acts are not actionable if time barred," the statute does not "bar an employee from using the prior acts as background evidence in support of a timely claim.").

[26] Supp. Def. Mot. Dismiss at 11; *see Airgood v. Twp. of Pine*, No. 14-1249, 2016 WL 1247237, at *12 (W.D. Pa. Mar. 30, 2016) ("To the extent the challenged allegations are potentially prejudicial and/or likely to confuse a fact-finder, the Court will have the ability to address these concerns through appropriate pretrial orders and/or careful jury selection.").